Lee *vs.* Armstrong.

---

H. A. LEE, sheriff, plaintiff in error, *vs.* JAMES W. ARMSTRONG, defendant in error.

1. A rule *nisi* against a sheriff is not demurrable for uncertainty which sets forth at its head the name of the plaintiff and defendant of a *fi. fa.*, the amount of the principal and interest at the date of the judgment, the Court to which the *fi. fa.* is returnable, and which alleges that the sheriff has had the *fi. fa.* long enough to have made the money.

2. Two *fi. fas.* may be included in one rule *nisi* against the sheriff, and if one of them be not fully described, a general demurrer does not lie to the rule.

3. This Court cannot consider a question not made in the record before it, and the fact that the clerk of the Superior Court has sent up with the transcript a portion of the record of another case, does not make that case a part of the record of this case.

Rule against sheriff. Practice in the Supreme Court. Before Judge CLARK. Macon Superior Court. May Term, 1873.

Lee *vs.* Armstrong.

A rule *nisi* issued at the instance of James W. Armstrong, against H. A. Lee, sheriff of Macon county, as follows:

"JAMES W. ARMSTRONG *vs.* SHADRACH WARE, security.

"*Fi. fa. in Macon Superior Court. Principal,* $569 43. *Interest to May 9th,* 1864, $132 86. *Costs,* $15 00.

"THE SAME *vs.* SAME.

"*Principal,* $434 46. *Interest to March 20th,* 1866, $120 03. *Costs,* $14 60.

"It appearing to the Court that the sheriff of Macon county, H. A. Lee, has had the above two *fi. fas.* in his hands long enough to have made the money due thereon, and that he has not done so, and no sufficient reason appearing why he has not done so: Ordered, that said sheriff, H. A. Lee, show cause, instanter, why he should not pay over the amounts due on the above two *fi. fas.*, respectively, to plaintiff's attorneys, or in default thereof, be attached for contempt of this Court."

The sheriff demurred to said rule, upon the following grounds:

1st. Because said rule did not contain sufficient averments to charge the sheriff with liability.

2d. Because it embraced two different executions, issued from different terms of the Court.

3d. Because said rule did not show any amounts due on said executions, except as appear from the statement of the cases.

4th. Because it fails to show any property subject to said executions out of which he could have made the money.

The demurrer was overruled, and the defendant excepted.

Accompanying the transcript of the record appear the proceedings subsequently had against the sheriff on the rule absolute, for the purpose of attaching him for contempt. No allusion thereto is made in the bill of exceptions.

W. A. HAWKINS, for plaintiff in error.

N. A. SMITH; JOSEPH ARMSTRONG, for defendant.

Lee *vs.* Armstrong.

McCay, Judge.

As this case at present stands we see no error in the judgment.

1. We do not think the rule *nisi* was so defective as to be demurrable. The heading is fairly a part of it. Indeed, it has been the practice for many years in this State to describe the *fi. fa.* just as it is done here. The names of the parties are stated, the amount of the principal and interest mentioned on the back of the *fi. fa.*, and the Court out of which it issued. It is then assumed and stated that, it having been made to appear to the Court that the above stated *fi. fa.* has been placed in the hands of the sheriff, and that he has had the same long enough to have made the money, it is ordered, etc. We think this certain enough to notify the sheriff what *fi. fa.* he is to answer about. With this and his answer there is enough to enable the Court, on inspection of the *fi. fa.*, to give a judgment.

2. We think, too, that two *fi. fas.* may be introduced in one rule. This has always been the practice in this State. We see no evil in it; and we will not disturb a practice so long continued. One of the *fi. fas.* is not described as fully as it, perhaps, ought to be, as there is no statement of the Court from which it issued. But as there is one *fi. fa.* stated fully, a general demurrer to the whole was not good. A special demurrer for this defect would have been met by an amendment. It does not appear that the original rule *nisi* was not on the minutes of December term. If so, there was no need of any establishment of the lost original. That the minutes do not show the original was signed by the Judge, is no objection. The law does not require any evidence of the assent of a Judge to an order, except his signature to the minutes. What may be the practice of the Judge is immaterial. One ground of the demurrer is, that the rule *nisi* cannot go on in the name of Armstrong. Why, does not appear. It was said in the argument that the reason was that Armstrong was dead. This does not appear in the record,

and we cannot know it. We are pretty clear that a rule against the sheriff cannot be brought in favor of a dead man. It is a personal proceeding, founded, it is true, on the sheriff's contempt of the process of the Court, but it is a matter of right if the contempt be shown : Code of 1873, 3949 ; and the judgment is a lien on the sheriff's property, and may be enforced by levy and sale like other judgments: Code 1873, section 2001. It is a form of suit, and cannot go on in the name of a dead man. But, as we have said, it does not appear in the record that Armstrong was dead. The suggestion of his death here would not meet the case if he were dead at the time of the judgment, though the judgment would be void. We have, however, no original jurisdiction and can only determine the question after a judgment on the point by the Court below.

3. The paper which happens to be in the record (part of the proceeding in the second rule) we can take no notice of. It does not belong to this record. *This* bill of exceptions is to the judgment of the Judge overruling the demurrer to the original rule *nisi*, upon which the rule absolute is founded. The papers connected with the second rule have nothing to do with this case.

Judgment affirmed.